IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.H.,[1]

        Plaintiff,

v.                                         Case No. 22-1029-JWB

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

        Defendant.

**MEMORANDUM AND ORDER**

Plaintiff filed this action for review of a final decision of the Commissioner of Social Security denying Plaintiff's application for disability insurance benefits and supplemental security income. Plaintiff and the Commissioner have each filed a brief. (Doc. 11, 13.) Plaintiff has filed his reply (Doc. 14) and the matter is accordingly ripe for decision. For the reasons stated herein, the decision of the Commissioner is AFFIRMED.

**I.      Standard of Review**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, and is satisfied by such evidence as a

---

[1] Plaintiff's initials are used to protect privacy interests.

reasonable mind might accept as adequate to support the conclusion.  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).  "Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the [Commissioner's] conclusions are rational."  *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability.  *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he is not working at a "substantial gainful activity."  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  At step two, the agency will find non-disability unless the claimant shows that he has a severe impairment. At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  *Id.* at 751. If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 416.920(a)(4)(iv), 404.1520, 416.945, 404.1545.  The RFC represents the most that the claimant can still do in a work setting despite his impairments.  *See Cooksey v. Colvin*, 605 F. App'x 735, 738 (10th Cir. 2015).  The RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§

416.920(e)–(g), 404.1520(e)–(g).  At step four, the agency must determine whether the claimant can perform previous work.  If a claimant shows that he cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy.  *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).

The claimant bears the burden of proof through step four of the analysis.  *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence.  *Thompson*, 987 F.2d at 1487 (citations omitted).

## II.    Background and Procedural History

Plaintiff protectively filed[2] an application for Title II disability insurance benefits on February 8, 2019 and an application for Title XVI supplemental security income on April 10, 2019 alleging a disability onset date of April 1, 2018.  The claims were denied administratively both initially and upon reconsideration.  Plaintiff subsequently requested an evidentiary hearing before an Administrative Law Judge ("ALJ").  (*See* Tr. at 180.[3])

On August 6, 2021, ALJ Edward Evans held a hearing by videoconference and heard testimony from Plaintiff and vocational expert Carma Mitchell.  Plaintiff was born on July 24, 1977, making him 40 years old at the time of his disability onset date.  (*Id.* at 271.)  Plaintiff testified that he attended junior college but did not graduate; suffered from constant pain in his

---

[2] The protective filing date is the date an individual contacts the Social Security Administration with the stated intention of filing for disability benefits.  In some circumstances it will be considered the application filing date even if it precedes the Administration's receipt of a signed application.  *See* 20 C.F.R. §§ 416.340, 404.630, 416.345.
[3] Citations to "Tr." refer to the Bates' numbering in the administrative transcript.  (Doc. 10.)

neck and back; had tried injections, a spinal stimulator, and a pain pump for his pain which helped but have not eliminated his pain; needs to move around every 15 to 30 minutes to ease the pain; takes naps throughout the day to help with the pain and because he does not sleep well at night; can only lift about five to ten pounds; cannot lift his arms overhead and cannot bend over to reach the ground; needs his wife's assistance to shampoo his hair and put on his socks and shoes; is unable to drive because he cannot turn his head; is receiving treatment for depression and anxiety; had a stroke in 2020 and has difficulty with his memory; uses a cane to move around; and that he "got hooked" on opiates after they were prescribed to him. (*Id.* at 43–54.)

The ALJ denied Plaintiff's application on August 16, 2021. (*Id.* at 28.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date, April 1, 2018. (*Id.* at 14.) At step two, the ALJ found Plaintiff suffers from several severe impairments: "multilevel degenerative disc disease, failed cervical surgical syndrome; obesity; peripheral neuropathy; tachycardia; depression; panic disorder; generalized anxiety disorder; post-traumatic stress disorder; attention deficit hyperactivity disorder; and substance abuse." (*Id.*) At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled any of the presumptively disabling impairments listed in the regulations. (*Id.* at 15–17.)

The ALJ determined that Plaintiff has the RFC to perform light work except Plaintiff may not climb ladders, ropes or scaffolds, and may not be exposed to hazards; should avoid concentrated exposure to extreme cold temperatures, weather, and vibration; may occasionally stoop, kneel, crouch, crawl, and reach overhead bilaterally; may frequently reach omnidirectionally otherwise bilaterally; may shift position between sitting and standing as frequently as every half hour without loss of productivity; may not work in an environment in

which substances or drugs of abuse are commonplace; may occasionally interact with colleagues, supervisors, and the public; can understand, remember, and execute intermediate instructions consistent with semiskilled work, but can maintain concentration, persistence, and pace for simple instructions consistent with unskilled work; and may perform low stress work. (*Id.* at 18.)

At step four, after an extensive review of the evidence, the ALJ determined Plaintiff was unable to perform past relevant work, including work as an institutional cleaner, service technician, aircraft fueler, and manager of a retail store. (*Id.*. at 26, 54–55.) At step five, the ALJ determined that Plaintiff could perform light, unskilled work, including positions such as mail clerk, marker, and photocopy machine operator, which exist in significant numbers in the national economy. (*Id.* at 26–27.) Accordingly, the ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act.

### III.    Analysis

Plaintiff argues that substantial evidence does not support the ALJ's findings because the ALJ failed to properly evaluate Plaintiff's pain. (Doc. 11 at 7–13.) The Commissioner argues that substantial evidence supports the ALJ's narrow findings that Plaintiff can perform light, unskilled work. (Doc. 13 at 5–9.)

A reviewing court generally defers to the ALJ's conclusions regarding the credibility of the claimant so long as the conclusions are supported by substantial evidence. *Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013). When evaluating a claimant's allegations of pain, the ALJ uses a two-step process: (1) the ALJ first determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms; and (2) the ALJ evaluates the intensity and persistence of the pain symptoms and determines the extent to which the symptoms limit the claimant's ability to perform work. SSR 16-3p, 2016 WL

1119029, at *3–*4 (Soc. Sec. Admin. Mar. 16, 2016).   These steps are consistent with the regulations.  *See* 20 C.F.R. §§ 404.1529, 416.929 (How we evaluate symptoms, including pain). The ALJ may also consider factors such as the claimant's daily activities; factors that aggravate the symptoms; the type, dosage, effectiveness, and side effects of medications taken; treatment other than medication; and other measures the claimant has used to relieve pain.  SSR 16-3p, 2016 WL 1119029, at *7.

Here, the ALJ followed this two-step process, finding that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. at 19.)  The ALJ then analyzed Plaintiff's allegations and medical history to determine the intensity, persistence, and limiting effects of Plaintiff's pain and whether Plaintiff's statements were consistent with the other evidence.[4]  (*Id.* at 19–25.)   That discussion included a chronological overview of Plaintiff's medical history, details about the efforts Plaintiff has taken to alleviate his pain, and insight into Plaintiff's daily activities as they relate to his pain and ability to function. (*Id.*)

Ultimately, the ALJ reached the conclusion that Plaintiff could perform light work based on the medical examination, objective imaging, opinions by medical consultants, and Plaintiff's own testimony.  (*Id.* at 21.)  The ALJ clearly explained his conclusions about Plaintiff's limitations, linking them to the evidence as he addressed each limitation.[5]  (*Id.*)

> Overall, it is evident that the claimant has had long term pain following his failed cervical fusion surgeries.  Therefore, it is reasonable that the claimant would do best in work environments as outlined above to alleviate potential exacerbation. Further limitations are not supported by the record, however.

---

[4] The ALJ's discussion of the evidence related to Plaintiff's allegations and medical history spans about six pages. (Tr. at 19–25.)

[5] The ALJ went on to address Plaintiff's mental health and substance abuse history in order to explain Plaintiff's other limitations, including appropriate mental limitations and environmental limitations.  (*Id.* at 22–25.) Those limitations are not at issue here.  (Doc. 11 at 7.)

(*Id.*)  The ALJ's reasoning shows that he considered Plaintiff's pain and found certain limitations appropriate in light of that evidence.

The court finds there is substantial evidence to support the ALJ's conclusions about Plaintiff's pain level and ability to work.

**IV.     Conclusion**

For the reasons stated, the decision of the Commissioner is AFFIRMED.  The clerk is directed to enter judgment in accordance with this order.

IT IS SO ORDERED. Dated this 1st day of  November 2022.

_\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE